# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1851V

|   |   |
|---|---|
| WILLIAM BAYLEY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 19, 2025 |

*Nicholas C. Deets, Hovde Dassow & Deets, LLC, Indianapolis, IN,* for Petitioner.

*Neil Bhargava, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 14, 2021, William Bayley filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he developed Guillain-Barré syndrome as a result of receiving an influenza vaccine on January 27, 2020. Petition at 1. On March 7, 2024, I issued a decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 43.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $45,110.19 (representing $41,926.50 in fees and $3,183.69 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed Oct. 8, 2024, ECF No. 50. In accordance with General Order No. 9, Petitioner's counsel represents that Petitioner paid no out-of-pocket litigation costs. *Id.* at ¶ 11.

Respondent reacted to the motion on October 22, 2024, stating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests hourly rates for attorneys and paralegals performing work in this matter as follows:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| Nicholas C. Deets, Esq. | $490 | $500 | $525 | $550 |
| Paralegals | $165 | $170 | $175 | $185 |

ECF No. 50-1 at 4; ECF No. 50-2. The hourly rates requested for all work performed by the paralegals at the firm are reasonable, and will therefore be adopted. However, the attorney hourly rates requested for Mr. Deets requires adjustment.

Having been admitted to practice law in 1993, Mr. Deets falls within the range of 20 to 30 years for his work performed in 2021 through 2023, and within the range for 30+ years for all work performed in 2024. ECF No 50-1 (counsel's affidavit). Despite his significant legal experience, however, this is his first case in the Vaccine Program. The quality of Mr. Deets's work was decent, but he still lacks the specific vaccine experience to qualify for rates on the higher end of his corresponding range. *See McCulloch v. Sec'y of Health & Hum. Servs.,* No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied,* 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).

I will, therefore, utilize the following hourly rates:

|  | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|
| Nicholas C. Deets, Esq. | $440 | $460 | $480 | $525 |

**These hourly rate adjustments reduce the amount of fees to be awarded by $3,055.50.**[3]

---

[3] This amount consists of ($490 - $440) x 14.0 hrs. + ($500 - $460) x 35.6 hrs. + ($525 - $480) x 11.7 hrs. + ($550 - $525) x 16.2 hrs. = $3,055.50.

Additionally, one of the tasks performed by Mr. Deets was more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This further reduces the amount of fees to be awarded by $113.20.[5]**

Finally, it appears that Petitioner billed travel time for Mr. Deets on June 2, 2022, using his full attorney hourly rate. ECF No. 50-2 at 3. In the Vaccine Program, however, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Hum. Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.*

Mr. Deets allotted 3.2 hours of time to drive from Indianapolis to Lafayette, Indiana, and to meet with his clients and a representative from Tempest Homes. ECF No. 50-2 at 3. This trip would generally take 1.1 hours each way, equating to 2.2 hours of travel time and one hour for the meeting. The 2.2 hours of time should be billed at a rate of 50 percent. **This further reduces the amount of fees to be awarded by $506.00.[6]**

---

[4] These entries involve the drafting and filing of basic documents sch as a statement of completion and medical records. ECF No. 50-2 at 2, 9 (entries dated 2/8/22 and 10/31/22).

[5] This amount consists of ($460 - $177) x 0.4 hrs. = $113.20.

[6] This amount consists of $460 x .50 x 2.2 hrs. = $506.00.

4

### B. Hours Billed

Regarding the number of hours billed, it appears that Mr. Deets often employed block billing, combining several different tasks into on entry. *E.g.,* ECF No. 50-2 at 9 (entry dated 1/29/24). He should avoid this block billing in any future vaccine case.

Furthermore, Mr. Deets spent 1.4 hours of time on May 3, 2022, performing basic research regarding the requirements for a vaccine claim. ECF No. 50-2 at 1. But attorney's fees are not paid for such basic research. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). Because this case is Mr. Deet's first vaccine case, I will allow this time in this instance only.

I also note that this case required additional briefing and argument regarding damages. *See* Status Report, filed Aug 23, 2022, ECF No. 28 (reporting an impasse in damages discussions); Petitioner's Brief on Damages, filed Oct. 31, 2022, ECF No. 31; Petitioner's Reply Brief on Damages, filed Jan. 17, 2023, ECF No. 36. Petitioner's counsel expended approximately 13.5 hours drafting the brief and 11.1 hours drafting the reply brief, for a total of 24.6 hours. ECF No. 50-2 at 5-7. I find this time to have been reasonably incurred.

However, some of the time Mr. Deets spent on other specific tasks was excessive, although not egregiously so. He basically expended approximately twice the amount of time usually billed by petitioner's counsel to perform quick tasks such as reviewing the 240-day notice.[7] **Reducing this time by 50 percent further reduces the amount of fees to be awarded by $462.50.[8]**

---

[7] The entries are as follows: 9/15/21, 9/22/21, 1/19/22, 2/15/22, 5/12/22, 7/18/22 (two entries), 12/19/22 (two entries), and 4/12/24. ECF No. 50-2 at 2-3, 5-6, 9.

[8] This amount consists of ($440 x 0.4 hrs. x.50) + ($460 x 1.4 hrs. x .50) + ($525 x 0.2 hrs. x.50) = $462.50

5

## ATTORNEY COSTS

Petitioner requests $3,183.69 overall costs, and has provided receipts for all expenses. ECF No. 50-3. However, two amounts of $288.00 each appear to reflect the bar admission fees for this Court, and possibly the Federal Circuit. The cost of an attorney's bar admission is not properly billed to one client and will not be reimbursed in this case. I have reviewed the remaining requested costs and find them to be reasonable. And Respondent raised no specific objection.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$40,396.99 (representing $37,789.30 in fees and $2,607.69 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.